1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DAVID MICHAEL SCHWABLAND,

        Defendant.

Case No. CR14-223RSL

MEMORANDUM OF DECISION

On July 23, 2014, the Grand Jury indicted Mr. Schwabland on two counts of violating 18 U.S.C. § 922(g)(1). Mr. Schwabland waived his right to a jury trial and this matter was heard by the Court on September 28, 2015, as a stipulated facts bench trial. The facts stipulated by the parties prove the necessary elements of counts one and two beyond a reasonable doubt. The Court therefore finds that defendant Mr. Schwabland is guilty of both (1) being a felon in possession of a firearm and (2) being a felon in possession of multiple firearms, in violation of 18 U.S.C. § 922(g)(1).

## THE PARTIES' STIPULATION

The United States of America and David Michael Schwabland stipulated to the agreement and facts described below. Stipulation (Dkt. #69). After discussing the agreement with both parties' counsel and discussing with Mr. Schwabland the significance of his choice to waive certain of his constitutional rights, the Court finds that Mr. Schwabland fully understands and voluntarily and intelligently stipulates to the following:

**1.**    The Defendant, David Michael Schwabland, waives his right to a trial by jury of his peers and agrees that the Court may decide whether he is guilty or not guilty of the charges contained in the Indictment, to wit: Felon in Possession

MEMORANDUM OF DECISION

of a Firearm (Count 1) and Felon in Possession of Firearms (Count 2).

**2.** The Defendant agrees that the Court may evaluate whether he is guilty or not guilty of the charges contained in the indictment based on the facts stipulated by the parties, and the stipulations entered into by the parties, as set forth below.

**3.** The Defendant acknowledges that by agreeing to a stipulated facts bench trial he is giving up or limiting the following rights:

**a.** The right to a speedy and public trial before a jury of his peers;
**b.** The right to confront and cross-examine witnesses against him at trial;
**c.** The right to compel or subpoena witnesses to appear on his behalf at trial;
**d.** The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant.

**4.** For purposes of determining the sufficiency of the evidence at trial, but not for purposes of any appeal of pretrial motions, the parties agree [ ] that the factual background set forth in the Court's Order Denying Motion to Suppress Evidence and Motion to Exclude Testimony, is true, correct, and accurate.

**5.** The parties agree that the Court may consider all of the testimony and exhibits offered and admitted by the parties during the pre-trial evidentiary hearing held on February 2, 2015.

**6.** The Parties agree that the Court may consider the following specific reports...

**a.** Monroe Officer Erdmann Incident Reports,
**b.** Monroe Officer Kornish Incident Reports,
**c.** Search Warrant 14-66, and
**d.** Search Warrant 14-68.

**7.** The Parties agree that the Court may consider the Transcript of February 2, 2015, evidentiary hearing...

**8.** The parties agree that, as set forth as the factual background in the Court's Order Denying Motion to Suppress Evidence, on May 21, 2014, the following firearm was present in the Honda Civic being driven by the Defendant:

**a.** Glock, Model 22, .40 caliber pistol.

The parties agree that this was a real firearm as defined by federal statute, that it had not been manufactured in the State of Washington, and that prior to May 21, 2014, it had been shipped and transported in interstate or foreign commerce.

**9.** The parties agree that, as set forth as the factual background in the Court's Order Denying Motion to Suppress Evidence, on May 23, 2014, the following firearms were present in the Mazda M5 Minivan in which the Defendant was a passenger and which his wife was driving.

MEMORANDUM OF DECISION                    -2-

| | |
|---|---|
| **a.** | Norinco, Model SKS, 7.62x39mm caliber rifle, |
| **b.** | Remington Model 03-A3, .30-06 caliber rifle, |
| **c.** | Marlin, unknown model, .22 caliber rifle, |
| **d.** | Mossberg, Model 500A, 12 gauge shotgun, |
| **e.** | J. Stevens (made by savage), Model 107B, 12 gauge shotgun, |
| **f.** | Winchester, Model 37, 12 gauge shotgun, |
| **g.** | Iver Johnson, Model Champion, 12 gauge shotgun, |
| **h.** | Ruger, Model 10/22, .22 caliber rifle, |
| **i.** | Remington, Model 742, .30-06 caliber rifle, |
| **j.** | I.O. Inc., Model Sporter, 7.62x39 caliber rifle, |
| **k.** | I.O. Inc., Model Sporter, 7.62x39 caliber rifle, |
| **l.** | Winchester, Model 37, 12 gauge short barrel shotgun, and |
| **m.** | Winchester, Model 97, 12 gauge short barrel shotgun. |

The parties agree that these were all real firearms as defined by federal statute, that they had not been manufactured in the State of Washington, and that prior to May 23, 2014, they had been shipped and transported in interstate or foreign commerce.

**10.** The parties agree that prior to May 21, 2014, the Defendant had pled guilty, but [had] not yet [been] sentenced, for the following crime punishable by a term of imprisonment of up to ten years: Residential Burglary, in King County Superior Court, under cause number 13-1-13757-3, on or about May 19, 2014. The Court may consider Dkt. 38, Exhibits 1 to 9.

**11.** Solely for purposes of determining guilt, the parties agree and stipulate that the Court may accept the above stated facts and stipulations, the factual contents set forth in the reports referenced above, and the factual content of the testimony of the witnesses at the evidentiary hearing, as if the same had been proven beyond a reasonable doubt at trial.

**12.** The parties agree to reserve for sentencing issues concerning whether any of the firearms described above were firearms described by U.S.C. § 5846(a), had been reported as stolen, or had altered or obliterated serial numbers.

Stipulation (Dkt. #69) (citations to the record omitted).

## FINDINGS OF FACT

Based on the Stipulation (Dkt. #69), Order Denying Motion to Suppress and Exclude (Dkt. #56) at 1–4, all testimony and exhibits offered during the February 2, 2015, pre-trial evidentiary hearing (Dkt. #51), Monroe Officer Erdmann Incident Reports (Dkt. #69) at Ex. A, Monroe Officer Kornish Incident Reports (Dkt. #69) at Ex. B, documents relating to Search Warrant 14-66 (Dkt. #69) at Ex. C, documents relating to Search Warrant 14-68 (Dkt. #69) at Ex. D, and the transcript of the February 2, 2015, evidentiary hearing (Dkt. #69) at Ex. E, the Court finds the following facts beyond a reasonable doubt:

On or about May 19, 2014 David Michael Schwabland pleaded guilty to residential burglary in King County Superior Court. Stipulation (Dkt. #69) at ¶10; Amended Motion to Dismiss Indictment (Dkt. #38) at Exs. 1–4. Residential burglary is punishable by imprisonment for up to ten years. RCW § 9A.52.025; RCW § 9A.20.021; Stipulation (Dkt. #69) at ¶10.

Two days after pleading guilty, Mr. Schwabland was stopped by Monroe police officers while driving his black Honda Civic with a suspended license. Order Denying Motion to Suppress and Exclude (Dkt. #56) at 2. The Honda Civic was towed and later searched by officers pursuant to a search warrant. Id. at 3; see also documents relating to Search Warrant 14-66 (Dkt. #69) at Ex. C. Officers found a Glock, Model 22, .40 caliber pistol concealed in the vehicle. Id. Stipulation (Dkt. #69) at ¶ 8. The pistol was not manufactured in the State of Washington and, prior to May 21, 2014, was shipped and transported in interstate or foreign commerce. Stipulation (Dkt. #69) at ¶ 8.

Two days later, on May 23, 2014, police officers observed Mr. Schwabland transporting rifle cases out of Eagle Self Storage Unit B136 and into a Mazda M5 minivan. Order Denying Motion to Suppress and Exclude (Dkt. #56) at 3–4. The Defendant then climbed into the Mazda M5, riding as a passenger while his wife began to drive. Id. Officers stopped the Mazda M5, detained Mr. Schwabland, and searched the vehicle. Id. at 4. Police found the following thirteen firearms present in the Mazda M5:

      a. Norinco, Model SKS, 7.62x39mm caliber rifle,

      b. Remington Model 03-A3, .30-06 caliber rifle,

      c. Marlin, unknown model, .22 caliber rifle,

      d. Mossberg, Model 500A, 12 gauge shotgun,

      e. J. Stevens (made by savage), Model 107B, 12 gauge shotgun,

      f. Winchester, Model 37, 12 gauge shotgun,

      g. Iver Johnson, Model Champion, 12 gauge shotgun,

      h. Ruger, Model 10/22, .22 caliber rifle,

      i. Remington, Model 742, .30-06 caliber rifle,

1          j. I.O. Inc., Model Sporter, 7.62x39 caliber rifle,

2          k. I.O. Inc., Model Sporter, 7.62x39 caliber rifle,

3          l. Winchester, Model 37, 12 gauge short barrel shotgun, and

4          m. Winchester, Model 97, 12 gauge short barrel shotgun.

5    Stipulation (Dkt. #69) at ¶ 9. None of these thirteen firearms were manufactured in the State of

6    Washington. Id. Prior to May 23, 2014, each was shipped and transported in interstate or foreign

7    commerce. Id.

8        The Grand Jury charged Mr. Schwabland with two counts: violation of 18 U.S.C. 922(g)(1)

9    as a felon in possession of the pistol found in the Honda Civic, and violation of 18 U.S.C. 922(g)(1)

10   as a felon in possession of the thirteen firearms found in the Mazda M5. Indictment (Dkt. #1) at 1–3.

11                        **CONCLUSIONS OF LAW**

12       Based on the foregoing facts, the Court finds beyond a reasonable doubt that Mr.

13   Schwabland is guilty of both counts charged in the Indictment (Dkt. #1).

14       Count 1: The Court finds beyond a reasonable doubt that Mr. Schwabland is guilty of

15   violating 18 U.S.C. § 922(g)(1) as a felon in possession of the Glock, Model 22, .40 caliber pistol.

16   On May 19, 2014, Mr. Schwabland pleaded guilty to the crime of residential burglary and was thus

17   convicted of a crime punishable by imprisonment for a term exceeding one year. See U.S. v.

18   Sample, 136 F.3d 562, 564 (8th Cir. 1998) (holding that a guilty plea constitutes a "conviction"

19   under 18 U.S.C. § 922(g)(1) even if the individual has not yet been sentenced). Mr. Schwabland

20   stipulates that the Glock, Model 22, .40 caliber pistol is a real firearm as defined by federal statute.

21   Stipulation (Dkt. #69) at ¶ 8. He was in possession of said firearm after signing his guilty plea and

22   the firearm was shipped and transported in interstate or foreign commerce before Mr. Schwabland

23   possessed it on May 21, 2014.

24       Count 2: Similarly, the Court finds beyond a reasonable doubt that Mr. Schwabland is guilty

25   of violating of 18 U.S.C. § 922(g)(1) as a felon in possession of the thirteen firearms found in the

26   Mazda M5 and listed above. Because he pleaded guilty to the crime of residential burglary, on May

19, 2014, he was convicted of a crime punishable by imprisonment for a term exceeding one year. Mr. Schwabland was in possession of the thirteen firearms listed above after he pleaded guilty and he stipulates that each firearm is a real firearm as defined by federal statute. Id. at ¶ 9. Each firearm was shipped and transported in interstate or foreign commerce before Mr. Schwabland possessed it on May 23, 2014.

For all of the foregoing reasons, the Court finds Mr. Schwabland GUILTY of both counts of violating 18 U.S.C. § 922(g)(1).

DATED this 5th day of October 2015.


Robert S. Lasnik
United States District Judge