UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>DAVID SCHWABLAND,<br><br>    Defendant/Petitioner. | Case No. CR14-223RSL<br><br>ORDER ON DEFENDANT'S MOTION TO VACATE CONVICTION |

This matter comes before the Court on defendant's "Writ of *Coram Nobis* to Vacate Conviction." Dkt. # 97. The Court, having reviewed the memoranda of the parties,[1] hereby finds and ORDERS:

### I.     BACKGROUND

On January 8, 2016, the Court sentenced Mr. Schwabland to five years' probation on convictions for two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. # 83. The predicate felony under § 922(g)(1) was a 2014 burglary conviction. Dkt. # 1 at 1. The § 922(g)(1) convictions were affirmed on appeal in United States v. Schwabland, No. 16-30011, 679 F. App'x 609 (9th Cir. 2017) (mem.). On December 23, 2019, the Court discharged Mr. Schwabland from probation early upon recommendation of the U.S. Probation Office because he was no longer in need of supervision. Dkt. # 95. Because Mr. Schwabland is no longer in custody for purposes of 28 U.S.C. § 2255, i.e., habeas corpus relief,

---

[1] Although defendant requested oral argument, the Court finds this matter suitable for disposition on the briefs.

ORDER ON MOTION TO VACATE CONVICTION - 1

he submitted a request for post-conviction relief through the writ of *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a). Mr. Schwabland seeks application of the writ to his § 922(g)(1) convictions.

## II.     DISCUSSION

District courts have the power to issue the writ of *coram nobis* under the All Writs Act. United States v. Morgan, 346 U.S. 502, 506–07 (1954). "[T]he writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007). To qualify for *coram nobis* relief, Mr. Schwabland must show that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). Failure to meet any one of these elements would be fatal to Mr. Schwabland's request for relief. Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

Mr. Schwabland's request for relief is based on the argument that he is actually innocent of the § 922(g) offenses due to the Ninth Circuit's decisions in United States v. Valencia-Mendoza, 912 F.3d 1215 (9th Cir. 2019), and United States v. McAdory, 935 F.3d 838 (9th Cir. 2019). The government argues that Mr. Schwabland's request should be denied because the first two elements for *coram nobis* relief are not met. The Court analyzes all four elements below but begins with the third and fourth elements, which are uncontested.

### A.     Element Three: Adverse Consequences

The presumption is that "collateral consequences flow from any conviction." Hirabayashi, 828 F.2d at 606. Specific consequences for Mr. Schwabland include, for example, being ineligible to serve as an elector (Iowa Const., Art. II § 5) and potential disqualification from public employment (11 IAC 54.2). Dkt. # 97 at 8. The government does not dispute that the third element has been met, Dkt. # 98 at 7, and the Court finds that adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement.

ORDER ON MOTION TO VACATE CONVICTION - 2

**B.     Element Four: Fundamental Character of the Error**

The Ninth Circuit has held that an error is fundamental where a conviction rests upon conduct "that was not a crime." United States v. Walgren, 885 F.2d 1417, 1424 (9th Cir. 1989). Based on Ninth Circuit's Valencia-Mendoza and McAdory decisions, issued in 2019, the burglary conviction that served as the predicate felony for Mr. Schwabland's § 922(g) convictions does not qualify as a predicate felony. And because Mr. Schwabland is not actually a federal felon, he is innocent of the § 922(g)(1) offenses of being a felon in possession. The government assumes *arguendo* that the error at issue here is of a fundamental character. Dkt. # 98 at 7.

In Valencia-Mendoza, the Ninth Circuit held that a Washington conviction for possession of cocaine was not necessarily punishable by imprisonment for a term exceeding one year even though the statutory maximum was five years in prison. Valencia-Mendoza, 912 F.3d at 1216, 1222–24. This decision overruled United States v. Murillo, 422 F.3d 1152, 1154 (9th Cir. 2005), a case that had interpreted the maximum sentence to be "the statutory maximum sentence for the offense, not the maximum sentence available in the particular case under the sentencing guidelines." The Ninth Circuit later applied the Valencia-Mendoza holding in McAdory to conclude that "a Washington conviction is only 'punishable by' a year or more of imprisonment for purposes of § 922(g)(1) if the defendant's conviction actually exposed the defendant to that sentence under the state's mandatory sentencing scheme." [2] McAdory, 935 F.3d at 843. Where none of McAdory's prior convictions had sentencing ranges exceeding one year or written findings that would justify an upward departure from the sentencing ranges, the Ninth Circuit determined that no predicate offenses existed within the meaning of § 922(g)(1). Id. at 844.

Here, Mr. Schwabland's predicate felony was a 2014 felony conviction for burglary with a maximum sentence of nine months. Dkt. # 97-1 at 2. Because Mr. Schwabland had no prior

---

[2] Although the Court strenuously disagrees with this line of cases, the Court is bound to follow the Ninth Circuit's rulings on this issue. See Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001) ("A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue.").

ORDER ON MOTION TO VACATE CONVICTION - 3

convictions punishable by more than a year of imprisonment, he is innocent of the § 922(g) offenses. The Court finds that defendant's convictions under § 922(g) constitute an error of a fundamental character. See United States v. Murillo, No. 2:05-CR-02118-SAB-1, 2021 WL 232119, at *3 (Jan. 22, 2021) (concluding that an error of a most fundamental nature existed where defendant served four years imprisonment for a § 922(g) conviction for which he was actually innocent in light of Valencia-Mendoza and McAdory).

## C. Element One: Availability of a More Usual Remedy

The government argues that the first element is not met because defendant *could* have attacked his conviction pursuant to a § 2255 petition—the "more usual remedy"—before he was discharged from probation in December of 2019. Dkt. # 98 at 7. However, "it does not matter [for purposes of the first element] whether Defendant *could* have raised the arguments here in a prior, more usual remedy, as such a requirement would render the second element of coram nobis irrelevant." Murillo, 2021 WL 232119, at *3; See United States v. Kwan, 407 F.3d 1005, 1012 (9th Cir. 2005), abrogated in part on other grounds by Padilla v. Kentucky, 559 U.S. 356 (2010) ("If the mere fact that a coram nobis petitioner *could have* raised his claim while in custody was sufficient to bar coram nobis eligibility, then there would be no need for the second coram nobis requirement . . ."). The Court will analyze Mr. Schwabland's delay in attacking his convictions in its analysis of the second element. With respect to the first element, defendant cannot attack his conviction pursuant to a § 2255 petition because he is no longer in custody, and therefore he cannot challenge his conviction via the more usual remedy of habeas corpus. Id. at 1011 (reasoning that where an individual is no longer in custody, the more usual remedy of a § 2255 petition was not available). Therefore, Mr. Schwabland meets the first element.

## D. Element Two: Reasons for Not Attacking the Conviction Earlier

The government argues that the second element is not met because Mr. Schwabland did not offer valid reasons for his delay in attacking the conviction. Dkt. # 98 at 7–9. Mr. Schwabland asserts that he did not raise the current challenge on direct review because the Valencia-Mendoza and McAdory cases were unavailable to him when his conviction was affirmed on direct appeal in 2017. Dkt. # 97 at 6. Valencia-Mendoza was decided on January 10,

ORDER ON MOTION TO VACATE CONVICTION - 4

2019, and McAdory was decided on August 8, 2019. The government does not appear to dispute that significant changes in the law occurred in 2019, but the government contends that Mr. Schwabland has not explained why he waited until April 26, 2021, more than two years *after* Valencia-Mendoza to challenge his convictions. Dkt. # 98 at 7–9.

The government argues that Mr. Schwabland had a year from Valencia-Mendoza and McAdory to file a § 2255 petition per 28 U.S.C. § 2255(f)(3), which provides as follows: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-- . . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Mr. Schwabland correctly points out, however, that "[o]n its face, [§ 2255(f)(3)] does not apply to Mr. Schwabland" because the *Supreme Court* did not recognize the rights announced in Valencia-Mendoza and McAdory. Dkt. # 99 at 4. See Hodges v. United States, No. C16-1521JLR, 2017 WL 1652967, at *2 (W.D. Wash. May 2, 2017), aff'd, 778 F. App'x 413 (9th Cir. 2019) ("Under 28 U.S.C. § 2255(f)(3), however, the Supreme Court—not this court—must provide the initial recognition of the new rule."). That said, Mr. Schwabland could have filed his *coram nobis* petition after his probation terminated on December 23, 2019, and it was not until around sixteen months later, on April 26, 2021, that he ultimately filed his petition. Mr. Schwabland replies that "real life circumstances" justify the delay here, including: the decline of his eldest daughter's health in late 2018 and into 2019, which ultimately resulted in her death in May 2019; Mr. Schwabland's family relocating to Washington State in July of 2019; the outbreak of the COVID-19 pandemic in February 2020; and the birth of Mr. Schwabland's youngest daughter in October 2020. Dkts. # 99 at 5, # 99-1; see also Dkt. # 97-2 at 1–2, 6, 11 (letters of support mentioning some of these circumstances).

"A coram nobis petition is not subject to a specific limitations period. However, petitioners are entitled to this relief only if they can provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." United States v. Kroytor, 977 F.3d 957, 961 (9th Cir. 2020) (citations and quotations omitted). Although "courts have not elaborated on what constitutes a 'sound' reason," the Ninth Circuit has observed that "courts

ORDER ON MOTION TO VACATE CONVICTION - 5

have denied relief on this ground where the petitioner has delayed for no reason whatsoever, where the respondent demonstrates prejudice, or where the petitioner appears to be abusing the writ." Kwan, 407 F.3d at 1013. The Ninth Circuit has "found delay justified where the applicable law recently changed and petitioner did not have a reasonable opportunity to present the issue advanced in his coram nobis petition in his direct appeal because, at that time, the claim did not have a viable basis in view of the existing law." Kroytor, 977 F.3d at 962 (citing Walgren, 885 F.2d at 1421). Delay "may be justified" where petitioners "did not have a reasonable chance to pursue their claim earlier due to the specific circumstances they faced." Id. at 961.

The Ninth Circuit has found a two-year delay unjustified where the delay was based only on uncertainty about the retroactivity of a new ruling affecting the viability of petitioner's challenge. Kroytor, 977 F.3d at 962. The Ninth Circuit has also found the following reasons for tardiness unpersuasive in United States v. Riedl, 496 F.3d at 1006–07, where the petitioner conceded that "nothing prevented her from asserting her claims earlier" as the "relevant law . . . remained the same throughout [the] litigation": a 20-month delay based on the difficulty of litigating in the United States while residing abroad; a 9-month delay during the time between the petitioner's release from prison and the petitioner's deportation and for which petitioner provided insufficient explanation; a 66-month period of incarceration; and around a 4-year delay during which time petitioner experienced "diminished capacity and the forfeiture of some of her properties," but she was represented by counsel. Notably, the Ninth Circuit has affirmed the granting of *coram nobis* relief for a petitioner even though he waited four years after pleading guilty to file a petition, though the Ninth Circuit did not explicitly analyze the issue of delay. United States v. Tucor Int'l, Inc., 189 F.3d 834, 836–38 (9th Cir. 1999).

The instant case is distinguishable from Kroytor and Reidl. In contrast to the petitioner in Kroytor, Mr. Schwabland's reasons are not based exclusively on uncertainty regarding retroactivity. Kroytor, 977 F.3d at 962. And in contrast to the petitioner in Reidl, the applicable law has not remained the same since the litigation began. Riedl, 496 F.3d at 1006. Although it is arguable whether the delay here is sufficiently justified by the particular circumstances Mr.

ORDER ON MOTION TO VACATE CONVICTION - 6

Schwabland faced, the Court finds that Mr. Schwabland has offered valid reasons for not attacking his conviction earlier due to the change in the law in 2019 and that the particular circumstances he faced in the time frame following that change, including the tragic death of his daughter, establish element two. Because all four *coram nobis* elements are met here, the Court will award relief accordingly.

### III. CONCLUSION

Based on the foregoing analysis, the Court GRANTS Mr. Schwabland's *coram nobis* petition (Dkt. # 97). The convictions for two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), are hereby VACATED.

DATED this 29th day of June, 2021.

Robert S. Lasnik
United States District Judge